**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02596-CMA-KLM

AMAIR, INC., a Nevada corporation,

     Plaintiff,

v.

GAPEX AVIATION SP. Z O.O., a Polish corporation,

     Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND DEFAULT JUDGMENT

---

This matter is before the Court on Plaintiff Amair, Inc.'s Motion for, and Memo in Support of, Amended or Additional Findings Under FRCP 52(b) ("Motion to Amend"). (Doc # 99.) For the following reasons, the Motion is denied.

## I.    BACKGROUND

The Court set forth the factual and procedural background to this case in its Order Granting in Part and Denying in Part Plaintiff's Motion for Default Judgment. (Doc. # 97.) That Order is incorporated by reference, and the facts explained therein need not be repeated here. The Court recounts only the facts necessary to address Plaintiff's Motion to Amend.

This case arises out of a contract dispute between the parties. On June 5, 2013, the parties entered into an agreement ("Mewa Purchase Agreement" or "Agreement") according to which Defendant promised to sell its claims to various assets ("the Mewa

Assets" or "Assets") to Plaintiff in exchange for $270,000. (*Id*. at 2.) Plaintiff alleged that Defendant breached the Agreement, and it initiated this case seeking monetary relief. In addition, Plaintiff raised several claims that sought to establish Plaintiff's entitlement to ownership of the Assets involved in the Agreement. After Defendant ceased to litigate this case, the Court granted Plaintiff's Motion for Default Judgment as to Plaintiff's breach of contract claim.

However, the Court denied Plaintiff's Motion as to its remaining claims, all of which "depend on Plaintiff's allegation that Defendant is wrongfully asserting ownership of the Assets and that Plaintiff is the rightful owner of the Assets." (*Id*. at 13.) Specifically, the Court determined that "even considering the well-pleaded facts in Plaintiff's Amended Complaint to be true, Plaintiff has not established that it is the true owner of the Assets and that Defendant is wrongfully in possession of them." (*Id*.) Based on this Court's Order regarding Plaintiff's Motion for Default Judgment, the Clerk of the Court entered Final Judgment in this case on April 17, 2019. (Doc. # 98.)

Plaintiff subsequently filed the instant Motion to Amend in which Plaintiff raises additional arguments in support its alleged ownership of the Assets. Plaintiff requests that the Court amend its judgment regarding Plaintiff's ownership pursuant to Federal Rule of Civil Procedure 52(b).

## II.      **DISCUSSION**

Rule 52 of the Federal Rules of Civil Procedure relates to findings and conclusions by the court and judgment on partial findings. Relevant here, Rule 52 provides that "[o]n a party's motion filed no later than 28 days after the entry of

judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The Rule is "applicable to findings made in actions tried without a jury," such as a bench trial. *Id*. advisory committee's note to 2007 amendment.

Accordingly, courts have determined that "Rule 52 . . . **only applies in the context of a trial to the Court**." *Smith v. Trapp*, No. 14-3220-JAR-JPO, 2018 WL 3145429, at *1 n.3 (D. Kan. June 27, 2018) (emphasis added). However, courts have held that a limited exception exists in which Rule 52 may be applicable to default judgments. Specifically, because "a default judgment generally precludes a trial of the facts except as to damages . . . Rule 52 is inapplicable except as to damages." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *see also Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003).

Federal Rule of Civil Procedure 55, on the other hand, establishes a procedure according to which a default judgment may be set aside. In particular, Rule 55(c) provides that "[t]he court may set aside entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Notably, courts have held that "[t]he **exclusive method** for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 391 (11th Cir. 2018) (emphasis added), *cert. denied sub nom. Weinacker v. Nat'l Loan Acquisitions Co.*, 139 S. Ct. 1210 (2019).

In the instant case, Plaintiff has not invoked Rule 52 with regard to damages, and it has not cited any authority supporting its assertion that Rule 52 is applicable under the

circumstances. Rather, Plaintiff is effectively attacking the default judgment, arguing that this Court should change its ruling as to the merits of Plaintiff's claims, which means that Rule 60(b) is the proper—and exclusive—basis for Plaintiff's Motion.[1] Therefore, Plaintiff is not entitled to relief pursuant to Rule 52.

### III.    **CONCLUSION**

Based on the foregoing, the Court ORDERS that Plaintiff's Motion for, and Memo in Support of, Amended or Additional Findings Under FRCP Rule 52(b) is DENIED.

DATED: January 6, 2020                          BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). The Court is skeptical that the instant case presents an "exceptional circumstance" because there is no discernable reason why Plaintiff could not have presented the substantive arguments in its Motion to Amend in conjunction with its Motion for Default Judgment. Plaintiff is reminded that "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* (quoting *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).